UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:20 CR 39** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **KRISTAPHER CONNER,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion to Reopen Detention Proceedings and Permit Defendant's Release on Home Confinement Due to COVID-19 Circumstances, filed by Defendant Kristapher Conner on June 25, 2020. **Doc #: 55**. For the following reasons, the Motion is **DENIED**.

**I.**

On January 15, 2020, an indictment issued charging Defendant Kristapher Conner with conspiracy to possess with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C), and three counts of making false statements during the purchase of firearms in violation of 18 U.S.C. § 922(a)(6) and 2. Doc #: 1. Conner was arraigned on March 11, 2020 at the conclusion of which the Court granted the Government's oral request for detention, and scheduled a formal detention hearing on March 16, 2020. 3/11/2020 Minutes of Proceedings. Following the March 16, 2020 detention hearing, the Court granted the Government's motion for detention for good cause shown, and ordered Conner's detention pending trial. 3/16/2020 Minutes of Proceedings.

Conner filed the present Motion on June 25, 2020, Doc #: 55, and the Government filed a response on June 30, 2020, Doc #: 56.  Thus, the Court is prepared to issue a ruling.

## II.

### A.

Under 18 U.S.C. § 3142(f), a district court may reopen a detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required, and the safety of any other person and the community."  Id.

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of the community if there is probable cause to believe the defendant has committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of 10 years or more, or committed certain firearms offenses.  See 18 U.S.C. §§ 3142(e)(3)(A) and (f)(1).  The presumption of detention applies in certain cases because Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society."  *United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

The record shows that when law enforcement executed a search warrant at 475 E. 127th Street, Cleveland, Ohio, on September 25, 2019, they found Conner and his co-defendants along with large quantities of carfentanil, methamphetamine, and crack cocaine.  Doc #: 56 at 2.  They also found 8 firearms, ammunition, gun boxes and paperwork related to the sale of the firearms–many of which were purchased less than 24 hours earlier.  Id.   The record also shows

that Conner was discovered hiding behind a false wall in a closet when law enforcement conducted the search. Id. There is nothing about this picture that remotely suggests the Court should reopen Conner's detention hearing.

According to Conner, the mere existence of COVID-19 in the world generally, and prisons specifically, is sufficient justification for the Court to reopen his detention hearing and order his release pending trial. He does not bother to state how the pandemic constitutes sufficient new information bearing on the question whether there are conditions of release that will reasonably assure his appearance at court proceedings or ensures the safety of the community. *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1-2 (6th Cir. May 21, 2020) (citing *United States v. Nero*, No. 17-cr-20183-5, 2020 WL 1672756 at *2 (E.D. Mich. Apr. 6, 2020). Nor does he identify a pre-existing medical condition that makes him particularly vulnerable to suffering grave consequences of COVID-19 should he contract it, or whether there is an outbreak of the virus at the Northeast Ohio Correctional Center, where he resides.

In sum, there is no new information warranting the reopening of Conner's detention hearing.

**B.**

Under 18 U.S.C § 3142(I), a judicial officer may "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Id. As Conner is not requesting temporary release for preparation of his defense, he has the burden of showing another compelling reason. *Bothra*, 2020 WL 2611545, at *2 (citations omitted).

The Sixth Circuit and its district courts have held that a generalized fear of contracting COVID-19 at prison, without more, does not constitute "another compelling reason" justifying temporary release. *Id.*; *United States v. Smoot*, No. 2:19 CR 20, 2020 WL 1501810, at *2-3 (S.D. Ohio Mar. 30, 2020)*; United States v. Felix*, No 5:19 CR 711, 2020 WL 1677494, at * (N.D. Ohio Apr. 6, 2020). Thus, temporary release is not warranted.

**III.**

Based on the foregoing, the Motion to Reopen Detention Proceedings and Permit Defendant's Release on Home Confinement Due to COVID-19 Circumstances, **Doc #: 55**, is hereby **DENIED**.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     July 9, 2020*
**Dan Aaron Polster**
**United States District Judge**