**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CASE NO.  1:20 CR 39 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | <u>OPINION AND ORDER</u> |
| ) | |
| **KRISTAPHER CONNER,** ) | |
| ) | |
| Defendant. ) | |

This case involves a drug conspiracy and the unlawful purchase of firearms via straw men on September 24, 2019.  Before the Court is Defendant Kristapher Conner's Motion for Bill of Particulars.  **Doc #: 70**.  For the following reason, the Motion is **DENIED**.

**I.**

The purpose of a bill of particulars is to assist the defendant in obtaining the information needed to prepare a defense, minimize and avoid surprise, and preclude later prosecution on double jeopardy grounds.  *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)).  It is not to be used to obtain evidentiary detail, allow the defendant to preview the government's case, or expose the government's legal theories.  *Id*.  Moreover, a bill of particulars is not intended to, and cannot, be used as a device to circumvent the restrictions otherwise imposed by federal law upon the scope of pretrial discovery.  *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1975).

Ruling on a motion for particulars is within the trial court's discretion.  The denial of a bill of particulars can be reversed only when it is demonstrated that defendant was actually surprised at trial and thus incurred prejudice to his substantial rights.  *Salisbury*, 983 F.2d 1369;

*United States v. Hawkins*, 661 F.2d 436, 451-52 (5th Cir 1981); *Will v. United States*, 389 U.S. 90 (1967).

## II.

Defendant Conner seeks a bill of particulars related solely to Counts 12, 13, 14 and 15 (the "Straw Purchase Offenses").  Specifically, Conner asks that the bill of particulars contain "the exact dates, places and times, where the alleged offenses were committed; the specific conduct alleged which constitutes the offenses as charged in the indictment; whether Defendant is being charged as a principal or as an aider and abettor and, if charged as an aider and abettor, how he aided and abetted the commission of the alleged offenses; and the names and addresses of the alleged victims of the offenses as charged in Counts 12, 13, 14 and 15."  Doc #: 70 at 2-3.

Under 18 U.S.C. § 922(a)(6), it is unlawful for any person in connection with the acquisition of a firearm or ammunition from a licensed firearms dealer to knowingly make a false statement intended or likely to deceive such dealer with respect to any fact material to the lawfulness of the sale.  18 U.S.C. § 922(a)(6).

Counts 12 through 15 of the indictment expressly identify the defendants who made the purchases; the dates and places where the purchases occurred; and the defendants on whose behalf the purchases were made.  The Court finds that these allegations provide sufficient detail to apprise Conner of the charges against him.  *Crayton*, 357 F.3d at 568; *Salisbury*, 983 F.2d at 1375.  Furthermore, Conner is not entitled to a detailed statement informing him of the manner and means by which the Government intends to prove the charges alleged in Counts 12 through 15.  *Id.*

Conner argues he did not need a straw man to purchase the firearms that are the subject of Counts 12 through 15 because he has no disability prohibiting him from purchasing the firearms himself.  The Supreme Court rejected this argument in *Abramski v. United States*, 573 U.S. 169 (2014).  There, the Supreme Court was asked to determine whether § 922(a)(6) applies to a so-called straw purchaser–namely, a person who buys a gun on someone else's behalf while falsely claiming that it is for himself.  It concluded that "such a misrepresentation is punishable under the statute, whether or not the true buyer could have purchased the gun absent the straw." Id. at 171-72.

### III.

Accordingly, the Court **DENIES** Defendant Kristapher Conner's Motion for Bill of Particulars.  **Doc #: 70**.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     August 12, 2020*
**Dan Aaron Polster**
**United States District Judge**